UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISAIAH PERRY,<br><br>            Petitioner,<br><br>     v.<br><br>CHRISTIAN PFEIFFER,<br><br>            Respondent. | No.  2:19-cv-01666-TLN-CKD<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

   Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his March 9, 2010 conviction for possession of marijuana in prison.  Petitioner was sentenced to two years in state prison, consecutive to the term he was already serving.  Petitioner claims that (1) he was convicted under an unconstitutional statute, which failed to give him notice that a conviction for possession of marijuana was not covered by Proposition 64, and (2) he was denied his constitutional right to a hearing and right to counsel at a Proposition 64 hearing.  After careful review of the record, this Court concludes that the petition should be denied.

II. Procedural History

   Petitioner pled no contest to a charge of possession of marijuana in prison and was sentenced to a two-year prison term, consecutive to the prison term he was serving.  (ECF No. 12-

3 at 19-22.)

After Proposition 64 passed, petitioner petitioned for recall or dismissal of his sentence, claiming that he would not have been guilty of an offense had the new law been in effect at the time of his conviction. (Id. at 32-35.) The trial court denied his petition, concluding that "Prop. 64 did not amend Penal Code, section 4573.6 which remains a felony offense." (Id. at 36-37.) He filed another petition, arguing that he was entitled to resentencing under Propositions 64 and 47, which the trial court denied. (Id. at 39-67.)

Petitioner appealed his conviction to the California Court of Appeal, First Appellate District. (Id. at 75-163.) The Court of Appeal affirmed the conviction on March 1, 2019. (Id. at 165-176.) Petitioner petitioned for rehearing, which the appellate court denied but modified the opinion without changing the judgment. (Id. at 179-218.) Petitioner then filed a petition for review in the California Supreme Court, which the court summarily denied. (Id. at 221-70.)

Petitioner filed the instant petition on July 1, 2019. (ECF No. 1.) Respondent filed an answer on January 22, 2020. (ECF No. 12.) Petitioner did not file a traverse.

III. Facts[1]

After independently reviewing the record, this Court finds the appellate court's summary accurate and adopts it herein. In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the First Appellate District provided the following factual summary:

> In 2010, appellant entered a plea of no contest to a charge of unauthorized possession of marijuana in prison. (Pen. Code, § 4573.6, subd. (a).) A charge of bringing drugs into a prison (Pen. Code, § 4573) and an alleged prior conviction for first degree robbery (Pen. Code, § 211) were dismissed, and appellant was sentenced to the low term of two years, consecutive to the prison term he was already serving.[1]
>
> [N.1 According to appellant's initial petition to recall or dismiss sentence, he was convicted on September 13, 2004, on a no contest plea to violations of Penal Code sections 192, subdivision (a), 211, and 212.5, subdivision (a), and sentenced to a prison term of 19 years

---

[1] The facts are taken from the opinion of the California Court of Appeal for the First Appellate District in People v. Perry, 32 Cal. App. 5th 885 (Cal. Ct. App. 2019), a copy of which was lodged by respondent as ECF No. 12-3 at Ex. 5.

2

and four months.]

On November 8, 2016, the voters adopted Proposition 64, which, with certain limitations, legalized possession of "not more than 28.5 grams of cannabis" by persons 21 years of age or older. (Health & Saf. Code,[] § 11362.1; Prop. 64, § 4.4, approved Nov. 8, 2016, eff. Nov. 9, 2016.) The new law provided that a person "serving a sentence for a conviction ... who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 113632.3, and 11362.4 as those sections have been amended or added by that act." (§ 11361.8.)

On November 15, 2016, appellant and his wife each separately wrote to the Solano County Superior Court inquiring about having appellant's conviction expunged in light of the passage of Proposition 64. Their letters were forwarded to the offices of the district attorney and public defender.

On May 4, 2017, appellant filed a petition for recall or dismissal of sentence, alleging that his Penal Code section 4573.6 offense involved only 14 grams of marijuana and was therefore eligible for expungement under Proposition 64. The trial court's May 4, 2017, order denying the petition concluded that appellant failed to state a basis for relief because "Prop. 64 did not amend Penal Code section 4573.6, which remains a felony offense."

On January 10, 2018, appellant filed another petition in the trial court, arguing that he was entitled to relief under Proposition 64 despite having been convicted of violating Penal Code section 4573.6, rather than a provision of the Health and Safety Code, and that Health and Safety Code section 11361.8 required the court to presume he was eligible for resentencing or dismissal. The trial court denied the petition on the basis that appellant had not cited new facts, circumstances or law to support reconsideration of its previous denial.[3]

[N.3 Appellant also sought resentencing under Proposition 47, which the trial court denied. Appellant does not pursue this issue on appeal.]

Appellant filed a notice of appeal, and this court appointed counsel to represent him.

(Perry, 32 Cal. App. 5th at 888-89.)

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United

3

States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (internal citations omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court

4

1  was so lacking in justification that there was an error well understood and comprehended in

2  existing law beyond any possibility for fairminded disagreement." Id. at 103.

3        The court looks to the last reasoned state court decision as the basis for the state court's

4  judgment. Stanley v. Cullen, 633 F.3d 852, 859-60 (9th Cir. 2011). The California Court of

5  Appeal's decision on direct appeal is the last reasoned state court decision with respect to

6  petitioner's claims. (ECF No. 12-3 at Exs. 5 & 7.) Petitioner bears the "burden to demonstrate

7  that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d

8  925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

9  V.  Petitioner's Claims

10      A.  Claim One: Statute is Unconstitutionally Vague

11        Petitioner takes issue with the state appellate court's conclusion that Health and Safety

12  Code section 11362.45 exception for "smoking or ingesting" marijuana also includes possession

13  of marijuana. (ECF No. 1 at 27.) He claims that this interpretation fails to give fair and adequate

14  notice of the type of conduct that is prohibited in violation of the Due Process Clause. (Id.) In

15  response, respondent argues the petitioner's claim is not cognizable on federal habeas review.

16  (ECF No. 12-1 at 2-4.) In last reasoned decision, the state appellate court considered and rejected

17  petitioner's claim. Perry, 32 Cal. App. 5th at 889-97.

18        Federal habeas courts are "limited to deciding whether a conviction violated the

19  Constitution, laws, or treaties of the United States." McGuire, 502 U.S. at 68. A claim

20  regarding the interpretation of California law is generally not cognizable on federal habeas

21  review. 28 U.S.C. § 2254(a); McGuire, 502 U.S. at 68. "[F]ederal habeas corpus relief does not

22  lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). The state court's

23  interpretation of state law is binding on a federal habeas court. Bradshaw v. Richey, 546 U.S. 74,

24  76 (2005) (per curiam) ("We have repeatedly held that a state court's interpretation of state law,

25  including one announced on direct appeal of the challenged conviction, binds a federal court

26  sitting in habeas corpus.")

27        Here, the state court concluded "Proposition 64 did not affect existing prohibitions against

28  the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section

4573.6." Perry, 32 Cal. App. 5th at 890. This is a matter of state law; it does not implicate a federal right. As a result, this Court is bound by the state court's interpretation that Proposition 64 does not apply to his conviction and therefore petitioner was not entitled to be resentenced.

To the extent that petitioner argues that the state court's interpretation violated his due process rights, this claim also fails. Petitioner may not transform a state law claim into a federal one by merely asserting a violation of due process. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). A court may only grant habeas relief for a constitutional claim based on a state law error if that error so infected the trial with unfairness that the resulting conviction violates due process. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see also McGuire, 502 U.S. at 73 (noting that this category of infractions is very narrow). As stated above, there was no error, and petitioner pled no contest to the charge so this Court cannot conclude that the proceedings were unfair.

Even assuming his claim is cognizable on habeas review, the state court's decision was not objectively unreasonable. Perry, 32 Cal. App. 5th at 896 (concluding that "cannabis possession is prohibited in a number of specific circumstances and its possession or use in penal institutions is excluded from the initiative's affirmative legalization process"). The Supreme Court has not addressed whether Proposition 64 applies to convictions for possession of marijuana in prison. Due to the absence of Supreme Court holdings on this issue, the state court's denial of his claim is not contrary to or an unreasonable application of clearly established Supreme Court law. See Carey v. Musladin, 549 U.S. 70, 76 (2006). This Court recommends denying habeas relief on this claim.

B. Claim Two: Right to Hearing and Counsel on Resentencing Petition

Petitioner claims that the trial court's failure to apply the "statutory presumption that [petitioner] met the eligibility criteria for resentencing" deprived him of his right to a hearing and right to counsel at that hearing. (ECF No. 1 at 31-32.) Respondent disagrees. (ECF No. 12-1.)

This claim fails at the start. The state court concluded that he was ineligible for a hearing under Proposition 64. This Court is bound by the state court's interpretation of state law. Because he was not entitled to a hearing, he could not have been deprived of his right to be

present or his right to counsel at that hearing. This Court recommends denying habeas relief on this claim as well.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why, and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

20/perry1666.157